**Vitali BASSOV; Elvira Yeremenko, Petitioners,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4346.

United States Court of Appeals, Sixth Circuit.

April 30, 2004.

Catherine M. Pincheck, Owen & Associates, Southfield, MI, for Petitioner.

Norah Ascoli Schwarz, John C. Cunningham, Linda S. Wendtland, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: KENNEDY, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Vitali Bassov and Elvira Yeremenko, citizens of Russia currently residing in Michigan, petition through counsel for review of an order of the Board of Immigration Appeals dismissing their appeal from a decision of an immigration judge denying their requests for asylum, withholding, and voluntary departure. Counsel for petitioners did not respond to a request to show cause why oral argument would be necessary in this case, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Petitioners are husband and wife. They were born in the Soviet Union, Bassov in 1956 and Yeremenko in 1965. They were married in 1989. Bassov entered the United States in 1992, and Yeremenko last entered in 1996. They both overstayed their visas. Bassov was placed in deportation proceedings, and Yeremenko was placed in removal proceedings. They applied for the relief noted above based on allegations that they had been subjected to persecution in Russia because Bassov is Jewish. Their cases were consolidated and a hearing was held before an immigration judge (IJ), at the conclusion of which all relief was denied based on a finding that petitioners' testimony was not credible. Petitioners appealed to the Board of Immigration Appeals (BIA), arguing that the record was defective because a portion of Yeremenko's testimony was missing from the transcript. The BIA dismissed the appeal without opinion. Petitioners raise the same argument before this court. The court previously granted petitioners' motion for a stay of deportation/removal.

■ A decision denying asylum is reviewed under a substantial evidence standard. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). In this case, Bassov testified that he had been assaulted outside a synagogue in 1988, and Yeremenko testified that she had been assaulted in 1991, when she was seven months pregnant, and lost her baby as a result. Both assaults were alleged to have been at the hands of an anti-Semitic group. A credibility determination by an IJ is given deferential review, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), particularly where the determination is supported by specific reasons. *Balasubramanrim v. INS,* 143 F.3d 157, 162 (3d Cir.1998). Here, the IJ noted several specific reasons for finding that the petitioners' testimony lacked credibility. The IJ noted that many of petitioners' answers were unresponsive and argumentative, that Bassov offered no corroborative evidence of his claim to be Jewish, that his story about his assault had changed in several respects at each telling, and that he failed to even mention the assault on his wife in his application. It was also noted that Yeremenko failed to mention that she had come to the United States in 1995, but returned to Russia because her grandmother was dying, and entered this country again in 1996.

■ Although it does appear that a portion of Yeremenko's testimony was not transcribed, no prejudice or denial of fundamental fairness has been established that would show that petitioners were denied due process. *Castellano–Chacon v. INS,* 341 F.3d 533, 552–53 (6th Cir.2003). It is not argued that Yeremenko did not omit mentioning her 1995 trip to the United States in her application or direct testimony. Most of the credibility problems arose from Bassov's testimony rather than hers. Although there may have been an

error in transcribing the testimony, therefore, it could not have affected the outcome of the proceedings, and is harmless. *Kabongo v. INS,* 837 F.2d 753, 758 (6th Cir. 1988).

Even if a portion of the hearing was not transcribed, petitioners do not argue that the missing portion contains evidence so compelling that no reasonable factfinder could have found them ineligible for asylum. *Elias–Zacarias,* 502 U.S. at 483–84. Petitioners make no specific arguments regarding the denial of withholding and voluntary departure. Therefore, the petition for review is denied.